UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| AMERICREDIT FINANCIAL SERVICES, INC., | ) ) ) | |
| Appellant, | ) ) ) | |
| v. | ) ) ) | No.: 3:07-CV-21 |
| ROBERT HARRIS LONG and GINGER DENISE LONG, | ) ) ) ) | (VARLAN/GUYTON) |
| Appellees. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on an appeal by appellant AmeriCredit Financial Services, Inc. ("AmeriCredit") to an order entered by the United States Bankruptcy Court for the Eastern District of Tennessee. AmeriCredit has submitted a brief in support of its appeal. [Doc. 13.] Appellees Robert Harris Long and Ginger Denise Long ("the Longs") have not filed a responsive brief, and the time for doing so has expired. [*See* Doc. 12.] The matter is now ripe for the Court's consideration.

On July 20, 2006, AmeriCredit appealed the order of the United States Bankruptcy Court for the Eastern District of Tennessee ("Bankruptcy Court") overruling AmeriCredit's objection to confirmation and holding that the Longs could surrender their vehicle in full satisfaction of AmeriCredit's claim under 11 U.S.C. § 1325(a)(5), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). On August 3, 2006, AmeriCredit appealed the order of the Bankruptcy Court confirming the

Longs' Chapter 13 plan. On September 25, 2006, the Sixth Circuit granted AmeriCredit permission for direct appeal as to the July 20, 2006, and August 3, 2006, orders of the Bankruptcy Court. Subsequently, the Bankruptcy Court sustained the Chapter 13 Trustee's objection to the claim of AmeriCredit in an order entered on October 30, 2006, and amended on December 4, 2006. This order was not directly appealed to the Sixth Circuit and was transmitted to the Court on January 19, 2007. It is this appeal that is currently before the Court.

In its supporting brief, AmeriCredit contends that the Court should reverse the Bankruptcy Court, sustain the objection to confirmation filed by AmeriCredit, and find that BAPCA does not allow the Longs to surrender AmeriCredit's collateral in full satisfaction of its claim based on the Sixth Circuit's decision as to the related appeals in *In re Long*, 519 F.3d 288 (6th Cir. 2008). [Doc. 8 at 9.]

In *In re Long*, the Sixth Circuit held that when a debtor elects to surrender collateral pursuant to 11 U.S.C. § 1325(a)(5)(C), the car creditor is entitled to a deficiency claim for the balance of its lien after disposition of its collateral. *In re Long*, 519 F.3d at 295, 298. In light of the Sixth Circuit's holding in *In re Long*, the Bankruptcy Court erred in allowing the Longs to surrender their vehicle in full satisfaction of AmeriCredit's claim.

Accordingly, the objection to the claim of AmeriCredit Financial Services, Inc., is hereby **OVERRULED**. The United States Bankruptcy Court for the Eastern District of Tennessee is hereby **REVERSED**, and this matter is hereby **REMANDED** to the United

States Bankruptcy Court for the Eastern District of Tennessee for proceedings consistent with this order and the Sixth Circuit's rulings in *In re Long*, 519 F.3d 288 (6th Cir. 2008).

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE